616 December 4, 2024 No. 879

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. E. F.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. E. F.,
*Appellant.*

Marion County Circuit Court
22CC03839; A179129

Jennifer J. Brown, Judge pro tempore.

Submitted July 12, 2023.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this civil commitment proceeding, appellant seeks reversal of a judgment committing her to the Mental Health Division of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting her from purchasing or possessing firearms based on the trial court's determination that she is a person with mental illness such that she was a danger to others. On appeal, appellant does not contest that she has a mental disorder; rather, in three assignments of error, she contends that the record is insufficient to support a determination that she was a danger to others for purposes of a civil commitment, for entering the firearm-prohibition order, and that she was not willing or able to participate in voluntary treatment. We affirm.

Neither party requests *de novo* review, and we conclude that this is not an exceptional case that warrants such review. *See* ORAP 5.40(8)(c) (providing that we will exercise our discretion to review *de novo* "only in exceptional cases"); ORAP 5.40(8)(d) (outlining a nonexclusive list of criteria used to determine whether to exercise our discretionary authority to review *de novo*). Thus, we review the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome. *State v. T. W. W.*, 289 Or App 724, 726, 410 P3d 1032 (2018). Because the parties are familiar with the factual and procedural background, we do not provide a recitation of those facts for this nonprecedential memorandum opinion.

We have reviewed the record and conclude that there is legally sufficient evidence to support the trial court's determinations. Appellant, who has been diagnosed with bipolar disorder with manic features, has a long history of mental illness that has caused her to threaten violence to others, including threatening children with a knife and throwing a plate of food at her son after he delivered her Thanksgiving dinner. About a week before the civil commitment hearing in this case, appellant got into an altercation with her son, pushing him and hitting him with a door. That incident left her son with bruises, scratches, and a cut on his face. About

24 hours before the commitment hearing, appellant made profane and racially charged remarks to hospital staff, had drawn a swastika on her forehead, and threatened to fight security staff. Given all of the evidence in the record, we reject appellant's argument that the latest violent incident with her son was merely an isolated incident. *See, e.g.*, *State v. S. E.*, 313 Or App 678, 684-85, 496 P3d 1140 (2021) (concluding that the appellant's conduct prior to hospitalization "demonstrated a pattern of escalating physical aggressiveness" sufficient to support a danger to others commitment).

We further reject appellant's assertion that the trial court erred in determining that she would not engage in voluntary treatment. As we explained in *State v. M. J. M.*, 301 Or App 638, 641, 456 P3d 363 (2020), a court "is not required to release a mentally ill person merely because the person has expressed a willingness to engage in voluntary treatment." Indeed, a court may disbelieve testimony to that effect, and given the record in this case, it was reasonable for the court to do so in this case. *See id.* (explaining that, "although appellant testified that she was willing to engage in voluntary treatment, the trial court was entitled to disbelieve her testimony given the other evidence in the record"). Finally, given the evidence in the record, we summarily reject appellant's argument that the trial court erred in entering the firearms order.

Affirmed.